UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00097-DAD-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO AMEND<br><br>(Doc. 1) |

      Plaintiff Gregory A. Austin ("Plaintiff"), proceeding pro se, initiated this civil action on January 24, 2022. (Doc. 1.) Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis without prepaying fees or costs. (Doc. 2.)

    **I.    Application to Proceed in Forma Pauperis**

      Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

    **II.    Screening Requirement and Standard**

      The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be

1

1   granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28
2   U.S.C. § 1915(e)(2)(B)(ii).

3         A complaint must contain "a short and plain statement of the claim showing that the
4   pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
5   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
7   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as
8   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,
9   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

10        To survive screening, Plaintiff's claims must be facially plausible, which requires
11  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable
12  for the misconduct alleged.  *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*
13  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully
14  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility
15  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

16        **III.**    **Plaintiff's Allegations**

17        Plaintiff's complaint is titled "Petition for Injunction Pending Medical Malpractice and
18  Antitrust Business Practices," "Brief and Propounding Argument."  (Doc. 1, Compl. at 1.)  The
19  caption names as primary defendants the State of California and the United States of America
20  "as Represented by Stacy Ferreira, CEO, Clinica Sierra Vista[;] Kerry Hydash, CEO, Family
21  Healthcare Network[;] Michelle Baass, MediCal Director and Marck Ghaly, MD/MPH, CalHHS
22  Secretary and Xavier Bacerra, U.S. HHS Secretary, Anthony Fauci, CDC/NIH Director."  (*Id.*)
23  However, Plaintiff also avers:

24        Individual providers involved in the case that have not been listed on the cover
      page include Dr. S. Nareddy, Resident, under Department Head Dr. Hebah
25        Ghanem, Infections Disease, Dr. Mark Specker, Neuro, Dr. Christopher Codey,
      Internal Medicine, Dr. S. Borno, Cardio, McGuire Physical Therapy, various lab
26        technicians and physicians during ER visits and overnight stays for exacerbations
      of symptoms, including chest pain.
27

28  (*Id.* at 4.)

Plaintiff's complaint is not entirely clear, and its verbose nature makes it difficult to distill the factual allegations and the nature of his claims beyond his general challenge to California's managed care network and his purported abandonment as a patient. (*Id.* at 3.) With respect to his claims regarding managed care, Plaintiff challenges the system as a monopoly and complains of a failure to allow him access to medications without a doctor's order. For instance, Plaintiff alleges:

> [U]nder the Managed Care business plan of California, the inherent Doctor-Patient relationship has been disrupted, replaced with a Doctor-insurance provider relationship, while patients themselves have been relegated to mere inventory status. Both California's healthcare management and its corporate groups operate, and receive pay, under Medicare's managed care guidelines, all under authority of the Affordable Care Act[ ] of the US Federal Government.
>
> This monopolized mandatory managed care business model, a model that is intended to provide care for patients who cannot otherwise afford care, paradoxically instead prevents our individual self-care. CalHHS/MediCal prevents our self-care by requiring state medical licensure, while simultaneously rendering an outcome that can only be that of fiscal inefficiency and outright abandonment of patient care. Therefore, against the public's trust, the state monopoly prevents patients from attaining allopathic medications without a physician's order also neglects diagnosing these same patients, and further fails to prescribe medicines on a trial basis without diagnosis, resulting in patient abandonment.
>
> Therefore, the propounded wrongful principle is that the monopolized CalHHS/MediCal Managed Care business model as provider has also assumed the role of patient by proxy to thereby manage, or mismanage. CalHHS/MediCal corporate doctors are hired under the same provider, resulting in a doctor-patient proxy relationship without the need for even the presence of any individual patients….

(*Id.* at 3.) Plaintiff maintains that this monopoly falls under United States Antitrust laws.

With regard to his medical treatment, as best as can be determined, Plaintiff claims that he was bitten by an "assassin bug," which he suspects "is a Chagas variant," that "has been made objectively evident on cardiac stress test, and subjectively evident by virtue of chronic skin rash, especially around joints, as well as neck pain." (*Id.* at 4.) Plaintiff has self-treated this condition with allopathic chemicals attained from outside California's managed care network. He claims that he has presented the signs and symptoms of this disease to both Clinica Sierra Vista staff physicians and Family Healthcare Network staff physicians, but he has not received "legitimate treatment for this chief compliant, nor a care plan for differential diagnosis, nor any follow-up

3

1    whatsoever." (*Id.*) Plaintiff asserts that instead of care management, he received an invitation
2    for self-treatment, including "suggestions to try elderberry, homeopathic remedies, or treatments
3    available at the health food stores." (*Id.* at 5.) Plaintiff alleges that these suggestions, in lieu of
4    physician orders, justify his petition to "be granted access to allopathic medications already on
5    the formulary, as well as alternatives . . . ." (*Id.* at 5.) Plaintiff appears to contend that the signs
6    and symptoms of his disease were ignored and then he was abandoned as a patient. (*Id.*)

7    Plaintiff petitions the Court for an injunction against California to grant him "access to
8    medications that are already on the formulary, or otherwise attainable from inside or outside of
9    the United States." (*Id.* at 6.) Plaintiff claims he has been found guilty of practicing medicine
10   without a license without due process. Plaintiff alleges that he has "been unconstitutionally
11   forbidden from attaining and self-administering medications that already exist on the formulary
12   by virtue of a state license [to practice medicine] granted to some, but not to me." (*Id.* at 13.)

13   Additionally, Plaintiff reports that he previously mentioned the premises of this case in
14   related petitions and appealed to the Supreme Court. He claims that during the transitional phase
15   of divorce proceedings he was disallowed care managed by any provider within any network,
16   except emergency services. During the suspected first stage of Chagas infection, he had an
17   emergency visit for neck pain, was given a muscle relaxant, and then discharged without any
18   follow up by a doctor or care manager. (*Id.* a 14.) Plaintiff contends that by failing to treat the
19   early signs and symptoms of his disease, the failed managed care business model has resulted in
20   his abandonment and his injury "has progressed from a mild initial stage, to a neglected chronic
21   stage, a stage that, in the case of Chagas, has currently been deemed incurable." (*Id.* at 15.)

22   As relief, Plaintiff petitions for an injunction against CalHHS/MediCal to allow
23   for sufficient self-care and access to medications, along with malpractice reimbursement
24   of $2.04 million and antitrust damages of $6 million.

25   **IV.    Discussion**

26   Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and suffers
27   from other deficiencies as identified below, including the failure to state a cognizable claim for
28   relief. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure

the identified deficiencies to the extent he can do so in good faith.  To assist Plaintiff, the Court provides relevant pleading and legal standards.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and almost entirely conclusory." *Nevijel. v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal with prejudice).

Plaintiff's complaint does not comply with Rule 8(a).  It is not a short and plain statement of his claims demonstrating that he is entitled to relief against any defendant.  As a basic matter, Plaintiff's complaint does not clearly and concisely state what happened, when it happened and who was involved.  He does not link any of the individually named defendants to factual allegations in his complaint.  Instead, Plaintiff's complaint contains extraneous statements and information, making it difficult to separate the relevant factual allegations from the irrelevant ones.  It is not the type of complaint contemplated by Rule 8.  "The Complaint...says 'too much.' The allegations are at times rambling and repetitive and are interspersed with unnecessary legal conclusions. A complaint is not a brief." *Fournerat v. Veterans Admin.*, No. EDCV 19-0961 AB, 2019 WL 8810110, at *3 (C.D. Cal. Dec. 19, 2019); *Murguia v. Langdon*, No. 1:19-cv-00942-DAD-BAM, 2020 WL 3542310, at *12 (E.D. Cal. June 30, 2020) (dismissing complaint with leave to amend where complaint failed to comply with Rule 8 and was "mostly narrative ramblings and storytelling").  If Plaintiff files an amended complaint, it should be a short and plain statement of his claims and must include factual allegations identifying what happened,

when it happened and who was involved.  Fed. R. Civ. P. 8.

### B.     Federal Rule of Civil Procedure 10

Plaintiff's complaint identifies certain defendants in the caption, but also lists other individuals in the allegations of his complaint.  Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. Plaintiff's complaint is subject to dismissal on this basis alone.  *See Callahan v. Unknown*, No. 1:22-cv-00221-BAM (PC), 2022 WL 1215260, at *3 (E.D. Cal. Apr. 25, 2022).

Additionally, Plaintiff submitted his complaint in the form of a brief.  Rule 10(b) of the requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b). The style and format of Plaintiff's complaint fails to comply with Rule 10(b).

### C.     Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's complaint appears to improperly join unrelated claims against unrelated defendants.  For example, Plaintiff complains of medical malpractice by multiple treating physicians at different facilities, while simultaneously complaining of the managed care system

and that he is not permitted to practice medicine without a license. These claims are not related, and do not involve the same transaction or occurrence or common questions of law or fact. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20. If Plaintiff continues to join unrelated claims, the Court may choose which claims, if found cognizable, may proceed.

### D. Sovereign Immunity

Plaintiff sues the United States of America as a defendant. The nature of the claims against the United States is unclear. Generally, the United State is immune from suit and can only be sued to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 91976). Indeed, the doctrine of sovereign immunity bars suits against the United States, its agencies, and its officers and employees in their official capacities, absent a waiver. *See Hayes v. United States of Am.*, No. CV 21-05527-ODW (PLA), 2021 WL 5990161, at *3 (C.D. Cal. Oct. 15, 2021), citing *FDIC v. Meyer*, 510 U.S. 471, 475, (1994) and *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985).

However, under the Federal Tort Claims Act ("FTCA"), a claim against the United States of America is the "exclusive" remedy for a plaintiff or plaintiffs seeking to recover damages for injuries "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 2679(b)(1). The "United States is the only proper party defendant in an FTCA action," not the federal employees. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. §§ 2401(b), 2675(a). Thus, only after an administrative claim is denied, or deemed denied, may a claimant file an action in federal court. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If the agency denies an administrative claim, suit must be filed within

six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). Significantly, exhaustion of administrative remedies cannot be waived. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000); *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement is jurisdictional in nature and must be interpreted strictly."). Assuming *arguendo* that Plaintiff is attempting to bring claims under the FTCA, Plaintiff has not alleged that all administrative remedies were exhausted.

### E. Eleventh Amendment Immunity

Plaintiff brings suit for injunctive relief against the State of California. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis,* 307 F.3d 835, 847 (9th Cir. 2002); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

## V. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and suffers from other identified deficiencies, including the failure to state a cognizable claim for relief against a proper defendant. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure these deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

1  "buckshot" complaints).

2  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

3  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

4  complaint must be "complete in itself without reference to the prior or superseded pleading."

5  Local Rule 220.

6  Based on the foregoing, it is HEREBY ORDERED that:

7  1. The Clerk's Office shall send Plaintiff a complaint form;

8  2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a

9  first amended complaint curing the deficiencies identified by the Court in this order or file a

10  notice of voluntary dismissal; and

11  3. If Plaintiff fails to file an amended complaint in compliance with this order, the

12  Court will recommend dismissal of this action, with prejudice, for failure to obey a court order

13  and for failure to state a claim.

14

15  IT IS SO ORDERED.

16  Dated:   **June 13, 2022**            /s/ *Barbara A. McAuliffe*

17                                    UNITED STATES MAGISTRATE JUDGE