UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. AUSTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00097-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(Doc. 4)<br><br>FOURTEEN-DAY DEADLINE |

　　　　Plaintiff Gregory A. Austin ("Plaintiff"), proceeding pro se and *in forma pauperis*, initiated this civil action on January 24, 2022.  (Doc. 1.)

　　　　On June 13, 2022, the Court screened Plaintiff's complaint and granted him leave to amend within thirty (30) days of service of the Court's order.  (Doc. 4.)  Plaintiff was expressly warned that if he failed to file a first amended complaint in compliance with the Court's order, then the Court would recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.*)  The screening order was re-served by mail on July 7, 2022.

　　　　On August 1, 2022, in lieu of filing an amended complaint, Plaintiff filed a response to the Court's screening order.  (Doc. 5.)  In his response, Plaintiff asserts that the Court is asking him to "rewrite something to also dismiss it based on fabricated grounds."  (*Id.* at 2.)  The Court construes this notice as Plaintiff's desire not to file an amended complaint and, instead, stand on

his current complaint.[1] The Court therefore will recommend dismissal of this action for failure to comply with Federal Rules of Civil Procedure 8, 10, 18 and 20, failure to state a claim, and failure to obey a court order.

## I. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Plaintiff's Allegations

Plaintiff's complaint is titled "Petition for Injunction Pending Medical Malpractice and

---

[1] Plaintiff also petitions the Court for a change of venue "through peremptory challenge to the Court of Federal Claims," based on an assertion that Eastern District of California is biased. (Doc. 5 at 2.) However, Plaintiff's mere disagreement with the Court's rulings is not a sufficient basis to support a change of venue, and Plaintiff has cited no authority supporting such a change. Plaintiff's request is therefore DENIED.

2

Antitrust Business Practices," "Brief and Propounding Argument." (Doc. 1, Compl. at 1.)

The caption names as primary defendants the State of California and the United States of America "as Represented by Stacy Ferreira, CEO, Clinica Sierra Vista[;] Kerry Hydash, CEO, Family Healthcare Network[;] Michelle Baass, MediCal Director and Marck Ghaly, MD/MPH, CalHHS Secretary and Xavier Bacerra, U.S. HHS Secretary, Anthony Fauci, CDC/NIH Director." (*Id.*) However, Plaintiff also appears to bring claims against additional defendants, and states:

> Individual providers involved in the case that have not been listed on the cover page include Dr. S. Nareddy, Resident, under Department Head Dr. Hebah Ghanem, Infections Disease, Dr. Mark Specker, Neuro, Dr. Christopher Codey, Internal Medicine, Dr. S. Borno, Cardio, McGuire Physical Therapy, various lab technicians and physicians during ER visits and overnight stays for exacerbations of symptoms, including chest pain.

(*Id.* at 4.)

Plaintiff's complaint is not entirely clear. Its verbose nature makes it difficult to distill the factual allegations and the nature of his claims beyond a general challenge to California's managed care network and his purported abandonment as a patient. (*Id.* at 3.) With respect to his claims regarding managed care, Plaintiff challenges the system as a monopoly and complains of a failure to allow him access to medications without a doctor's order. For instance, Plaintiff alleges:

> [U]nder the Managed Care business plan of California, the inherent Doctor-Patient relationship has been disrupted, replaced with a Doctor-insurance provider relationship, while patients themselves have been relegated to mere inventory status.  Both California's healthcare management and its corporate groups operate, and receive pay, under Medicare's managed care guidelines, all under authority of the Affordable Care Act[ ] of the US Federal Government.
>
> This monopolized mandatory managed care business model, a model that is intended to provide care for patients who cannot otherwise afford care, paradoxically instead prevents our individual self-care.  CalHHS/MediCal prevents our self-care by requiring state medical licensure, while simultaneously rendering an outcome that can only be that of fiscal inefficiency and outright abandonment of patient care.  Therefore, against the public's trust, the state monopoly prevents patients from attaining allopathic medications without a physician's order also neglects diagnosing these same patients, and further fails to prescribe medicines on a trial basis without diagnosis, resulting in patient abandonment.
>
> Therefore, the propounded wrongful principle is that the monopolized

> CalHHS/MediCal Managed Care business model as provider has also assumed the role of patient by proxy to thereby manage, or mismanage. CalHHS/MediCal corporate doctors are hired under the same provider, resulting in a doctor-patient proxy relationship without the need for even the presence of any individual patients….

(*Id.* at 3.) Plaintiff maintains that this monopoly falls under United States Antitrust laws.

With regard to his medical treatment, as best as can be determined, Plaintiff claims that he was bitten by an "assassin bug," which he suspects "is a Chagas variant," that "has been made objectively evident on cardiac stress test, and subjectively evident by virtue of chronic skin rash, especially around joints, as well as neck pain." (*Id.* at 4.) Plaintiff has self-treated this condition with allopathic chemicals attained from outside California's managed care network. He claims that he has presented the signs and symptoms of this disease to both Clinica Sierra Vista staff physicians and Family Healthcare Network staff physicians, but he has not received "legitimate treatment for this chief compliant, nor a care plan for differential diagnosis, nor any follow-up whatsoever." (*Id.*) Plaintiff asserts that instead of care management, he received an invitation for self-treatment, including "suggestions to try elderberry, homeopathic remedies, or treatments available at the health food stores." (*Id.* at 5.) Plaintiff alleges that these suggestions, in lieu of physician orders, justify his petition to "be granted access to allopathic medications already on the formulary, as well as alternatives . . .." (*Id.* at 5.) Plaintiff appears to contend that the signs and symptoms of his disease were ignored, and he was then abandoned as a patient. (*Id.*)

Plaintiff petitions the Court for an injunction against California to allow him "access to medications that are already on the formulary, or otherwise attainable from inside or outside of the United States." (*Id.* at 6.) Plaintiff claims he has been found guilty of practicing medicine without a license without due process. To that end, Plaintiff claims that he has "been unconstitutionally forbidden from attaining and self-administering medications that already exist on the formulary by virtue of a state license [to practice medicine] granted to some, but not to me." (*Id.* at 13.)

Additionally, Plaintiff reports that he previously mentioned the premises of this case in related petitions and appeal to the Supreme Court. He claims that during the transitional phase of divorce proceedings he was disallowed care managed by any provider within any network,

4

except emergency services. During the suspected first stage of Chagas infection, he had an emergency visit for neck pain, was given a muscle relaxant, and then discharged without any follow up by a doctor or care manager. (*Id.* a 14.) Plaintiff contends that by failing to treat the early signs and symptoms of his disease, the failed managed care business model has resulted in his abandonment. Additionally, his injury "has progressed from a mild initial stage, to a neglected chronic stage, a stage that, in the case of Chagas, has currently been deemed incurable." (*Id.* at 15.)

As relief, Plaintiff petitions for an injunction against CalHHS/MediCal to allow for sufficient self-care and access to medications, along with malpractice reimbursement of $2.04 million and antitrust damages of $6 million.

**B.     Discussion**

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and almost entirely conclusory." *Nevijel. v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal with prejudice).

Plaintiff's complaint does not comply with Rule 8(a). It is not a short and plain statement of his claims demonstrating that he is entitled to relief against any defendant. As a basic matter, Plaintiff's complaint does not clearly and concisely state what happened, when it happened and who was involved. He does not link any of the individually named defendants to factual allegations in his complaint. Instead, Plaintiff's complaint contains extraneous statements and

information, making it difficult to separate the relevant factual allegations from the irrelevant ones. It is not the type of complaint contemplated by Rule 8. "The Complaint...says 'too much.' The allegations are at times rambling and repetitive and are interspersed with unnecessary legal conclusions. A complaint is not a brief." *Fournerat v. Veterans Admin.*, No. EDCV 19-0961 AB, 2019 WL 8810110, at *3 (C.D. Cal. Dec. 19, 2019); *Murguia v. Langdon*, No. 1:19-cv-00942-DAD-BAM, 2020 WL 3542310, at *12 (E.D. Cal. June 30, 2020) (dismissing complaint with leave to amend where complaint failed to comply with Rule 8 and was "mostly narrative ramblings and storytelling").

### 2. Federal Rule of Civil Procedure 10

Plaintiff's complaint identifies certain defendants in the caption, but also lists other individuals in the allegations of his complaint. Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. Plaintiff's complaint is subject to dismissal on this basis alone. *See Callahan v. Unknown*, No. 1:22-cv-00221-BAM (PC), 2022 WL 1215260, at *3 (E.D. Cal. Apr. 25, 2022).

Additionally, Plaintiff submitted his complaint in the form of a brief. Rule 10(b) of the requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Fed. R. Civ. P. 10(b). The style and format of Plaintiff's complaint fails to comply with Rule 10(b).

### 3. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020), report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348,

6

1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff's complaint appears to improperly join unrelated claims against unrelated defendants. For example, Plaintiff complains of medical malpractice by multiple treating physicians at different facilities, while simultaneously complaining of the managed care system and complaining that he is not permitted to practice medicine without a license. These claims are not related, and do not involve the same transaction or occurrence or common questions of law or fact. As Plaintiff is attempting to bring multiple claims that arose from different and unrelated occurrences, his complaint violates Federal Rules of Civil Procedure 18 and 20.

**4.     Sovereign Immunity**

Plaintiff sues the United States of America as a defendant. The nature of the claims against the United States is unclear. Generally, the United States is immune from suit and can only be sued to the extent that it has waived its sovereign immunity. *United States v. Orleans*, 425 U.S. 807, 814 91976). Indeed, the doctrine of sovereign immunity bars suits against the United States, its agencies, and its officers and employees in their official capacities, absent a waiver. *See Hayes v. United States of Am.*, No. CV 21-05527-ODW (PLA), 2021 WL 5990161, at *3 (C.D. Cal. Oct. 15, 2021), citing *FDIC v. Meyer*, 510 U.S. 471, 475, (1994) and *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-59 (9th Cir. 1985).

However, under the Federal Tort Claims Act ("FTCA"), a claim against the United States of America is the "exclusive" remedy for a plaintiff or plaintiffs seeking to recover damages for injuries "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 2679(b)(1). The "United States is the only proper party defendant in an FTCA action," not the federal employees. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

Under the FTCA, an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim

with the appropriate federal agency within two years of the act or injury. 28 U.S.C. §§ 2401(b), 2675(a). Thus, only after an administrative claim is denied, or deemed denied, may a claimant file an action in federal court. *Id.*; *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). Significantly, exhaustion of administrative remedies cannot be waived. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000); *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement is jurisdictional in nature and must be interpreted strictly."). Assuming *arguendo* that Plaintiff is attempting to bring claims under the FTCA, Plaintiff has not alleged that all administrative remedies were exhausted.

### 5. Eleventh Amendment Immunity

Plaintiff brings suit for injunctive relief against the State of California. Claims for damages against the state, its agencies or its officers for actions performed in their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear . . . that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

## II. Failure to Obey a Court Order

### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A

1    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

2    failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*,

3    46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v.*

4    *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order

5    requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir.

6    1987) (dismissal for failure to comply with court order).

7         In determining whether to dismiss an action, the Court must consider several factors: (1)

8    the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

9    docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

10   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*,

11   779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

12        **B.     Discussion**

13        Here, Plaintiff has indicated that he does not intend to file an amended complaint in

14   compliance with the Court's screening order.  The action cannot proceed without Plaintiff's

15   cooperation and compliance with the Court's order, particularly in light of the pleading

16   deficiencies identified by the Court.  Moreover, the Court cannot hold this case in abeyance

17   awaiting compliance by Plaintiff.  Thus, the Court finds that both the first and second factors

18   weigh in favor of dismissal.

19        The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a

20   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

21   *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Further, Plaintiff's failure to comply

22   with the pleading requirements of the Federal Rules of Civil Procedure fails to provide notice to

23   defendants of the claims against them.

24        The fourth factor usually weighs against dismissal because public policy favors

25   disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However,

26   "this factor lends little support to a party whose responsibility it is to move a case toward

27   disposition on the merits but whose conduct impedes progress in that direction," which is the

28   case here.  *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir.

2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's June 13, 2022 screening order expressly warned Plaintiff that his failure to file an amended complaint in compliance with the Court's order would result in a recommendation for dismissal of this action. (Doc. 4 at 9.) Plaintiff had adequate warning that dismissal could result from his noncompliance. Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff's *in forma pauperis* status in this action indicates that monetary sanctions are of little use, and the preclusion of evidence or witnesses is likely to have no effect.

### III. Conclusion and Recommendation

For the reasons stated, it is HEREBY RECOMMENDED that Plaintiff's action be dismissed, with prejudice, based on Plaintiff's failure to comply with Federal Rules of Civil Procedure 8, 10, 18 and 20, failure state a claim, and failure to obey the Court's order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 3, 2022**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE